NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7091

NAPOLEON WILLIAMS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Napoleon Williams, of Dumas, Arkansas, pro se.

Ellen M. Lynch, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.   Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Dana Raffaelli, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Senior Judge Kenneth B. Kramer

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7091

NAPOLEON WILLIAMS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-2786, Judge Kenneth B. Kramer.

_____

DECIDED:  September 8, 2008
_____

Before RADER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

The United States Court of Appeals for Veterans Claims' dismissed Mr. Napoleon William's appeal as untimely.  Lacking jurisdiction under 38 U.S.C. § 7292, this court dismisses.

I

Mr. Williams served in active duty from May 1971 to May 1973.  In August 1997, he filed an application to reopen his claims for service-connected schizophrenia, heart disease, ulcer disease, and a back disability.  The Regional Office (RO) denied this

request for lack of any new and material evidence. The RO also denied service connection for bilateral foot and eye disabilities. In April 2001, the RO denied Mr. Williams' claim for a total disability rating. Mr. Williams appealed these decisions to the Board of Veterans' Appeals (Board).

On May 14, 2007, the Board agreed that Mr. Williams had presented no new and material evidence showing service connection for heart disease, ulcer disease, and a back disorder. The Board also upheld the RO's denial of service connection for bilateral foot and eye disabilities. The Board further upheld the RO's denial of a total disability rating. The Board, however, reopened Mr. Williams' claim for service connection for schizophrenia.

Mr. Williams filed a Notice of Appeal on September 19, 2007 — 128 days after the mailing of the May 14, 2007 Board decision. The United States Court of Appeals for Veterans Claims (Veterans Court) ordered the appellant to show cause for the delay. On October 15, 2007, the appellant explained that he had not received the Board's decision until it was mailed to him by the General Counsel's office.

The Deputy Director of the Management and Administration Service of the Board filed a declaration showing that the Board had mailed the decision to the appellant and his attorney on May 14, 2007. The Board's computer tracking system verified this declaration. The record did not indicate that the letters had been returned as undeliverable.

Weighing the evidence, the Veterans Court found that the Board's decision was mailed to both Mr. Williams and his attorney on May 14, 2007. Because a Notice of Appeal must be filed within 120 days after the mailing of a decision, the Veterans Court

dismissed Mr. Williams' appeal as untimely. <u>See</u> 38 U.S.C. § 7266; U.S. Vet. App. R. 4(a).

Mr. Williams seeks review of the Veterans Court's dismissal. On appeal, he requests remand for a factual determination regarding the timeliness of his Notice of Appeal. He submits that the Veterans Court did not consider his explanation for the filing delay.

II

This court has limited jurisdiction to review the decisions of the Veterans Court. <u>See</u> 38 U.S.C. §7292. As proscribed by 38 U.S.C. § 7292(d)(2), except for constitutional issues, this court "may not review any challenge to a factual determination or any challenge to a law or regulation as applied to the facts of a particular case." <u>Buchannan v. Nicholson</u>, 451 F.3d 1331, 1334 (Fed. Cir. 2006).

On appeal, Mr. Williams argues that he did not receive the May 2007 Board decision by mail and that his mail delivery was not dependable. He submits that the Veterans Court did not consider these arguments in its dismissal. Mr. Williams asks this court to remand for a factual determination on timeliness.

Contrary to Mr. Williams' characterization, the Veterans Court considered Mr. Williams' explanation for the filing delay. The "presumption of regularity" supports official acts of public officers and applies to veterans benefits cases. <u>Butler v. Principi</u>, 244 F.3d 1337, 1340 (Fed. Cir. 2001). The doctrine presumes that public officers have properly discharged their duties in the absence of clear and convincing evidence to the contrary. <u>Id</u>. In this case, Mr. Williams had the burden of proving by clear and convincing evidence that the Board's decision was not mailed on May 14, 2007. The

Veterans Court was not persuaded by Mr. Williams' arguments and dismissed his appeal as untimely.

The Veterans Court's determination regarding the timeliness of a Notice of Appeal presents a question of fact. Leonard v. Gober, 223 F.3d 1374, 1376 (Fed. Cir. 2000). Section 7292(d)(2) expressly bars the review of any challenge to a factual determination or any challenge to a law or regulation as applied to the facts of a particular case. Id. at 1376. Because Mr. Williams challenges the Veterans Court's factual determination regarding the timeliness of his appeal, or in the alternative, seeks remand for reconsideration of that factual determination, this case falls outside this court's jurisdiction.

For these reasons, this appeal is dismissed for lack of jurisdiction.

DISMISSED.

COSTS

Each party shall bear its own costs.